UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA BRITTENHAM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HOME DEPOT U.S.A., INC., and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No. 1:23-cv-00401-CDB<br><br>**ORDER ON DEFENDANT'S UNOPPOSED APPLICATION TO EXTEND CASE MANAGEMENT DATES**<br><br>(Doc. 25)<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>(Doc. 27) |

　　　Pending before the Court is the unopposed application of Defendant Home Depot U.S.A., Inc. (Defendant), filed January 24, 2024, for Court order extending case management dates. (Doc. 25). Defendant seeks to continue all discovery and pretrial motion filing dates by six months and the pretrial conference and trial by eight months.

　　　Defendant's application follows the parties' earlier stipulation for order seeking the same requested extensions, filed January 18, 2024. (Doc. 21). In that stipulation, counsel for Plaintiff Debra Brittenham (Plaintiff) represented among other things that "due to unexpected circumstances that cannot be divulge [*sic*] without revoking attorney-client privilege the parties were unable to conduct or participate in meaningful discovery." *Id.* at ¶ 6; (Doc. 23-1 ¶ 6) (same). The Court declined to modify the scheduling order, finding that the stipulation and

counsel for Plaintiff's supporting declaration failed to demonstrate good cause for the requested extensions. (Doc. 22). In that order, the Court directed Plaintiff to include with any renewed application to extend case management dates a declaration and request to seal in which counsel for Plaintiff elaborated on the representations she made regarding the "unexpected circumstances" basis for asserting good cause. *Id.*

The same day, Plaintiff filed a renewed stipulated request (Doc. 23) but did not comply with the Court's direction to elaborate on the "unexpected circumstances." Accordingly, the Court denied the renewed request to modify the scheduling order. (Doc. 24).

Thereafter, Defendant filed the instant, pending application. (Doc. 25). Since Defendant's filing suggested Plaintiff had engaged in discovery misconduct, the Court scheduled a hearing on the matter and directed counsel for Plaintiff to file a response to Defendant's application. (Doc. 26). When Plaintiff failed to timely comply, the Court entered a show cause order. (Doc. 27). Counsel for Plaintiff thereafter filed a declaration partially responsive to the Court's orders. (Doc. 28).

On January 30, 2024, the Court convened for a hearing on Defendant's application via Zoom videoconference. (Doc. 30). At the Court's request, following the hearing, counsel for Defendant filed several discovery-related documents relevant to the parties' request, which the Court has reviewed. (Doc. 31).

For the forgoing reasons and for the reasons discussed and preserved on the record during the hearing, the Court enters the following ruling.

**Standard of Law**

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id.* (quotation and citation omitted). Under Federal Rule of

Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  As the Court of Appeals has observed:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster efficient treatment and resolution of cases.  Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines.  Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders. . .

*Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.  If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified.  *Id*.  If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

**Discussion**

Based on the pleadings, the parties' submissions cited above and representations made by the parties' counsel during the discovery hearing, the Court concludes that while Defendant largely has acted diligently throughout the course of discovery[1], Plaintiff has not been diligent.

Notwithstanding that the scheduling order in this case was entered on June 23, 2023, Plaintiff waited more than six months before serving written discovery requests – less than two months before fact discovery closes.  During the hearing, when the Court inquired why counsel for Plaintiff delayed serving written discovery requests for so long, counsel represented that she experienced difficulties communicating with her client and wanted to wait to gather information from her client before serving the requests.  When the Court expressed its view that the case appeared to be a straightforward premises liability and negligence action that did not involve complex issues, counsel conceded that she could have served written discovery requests much

---

[1] On November 13, 2023, the Court directed Defendant to bring any remaining dispute regarding medical testing and/or examination of Plaintiff to the Court "sufficiently in advance of the close of non-expert discovery to facilitate resolution within the existing discovery deadlines." (Doc. 20).  At the hearing, counsel for Defendant confirmed Plaintiff still has not stipulated to an independent medical examination; inexplicably, Defendant has not yet presented the issue to the Court for resolution.

earlier without input from her client.

Just as troubling, despite promising that she would respond to Defendant's written discovery requests on three separate occasions in November and December 2023, Plaintiff did not respond until January 25, 2024 – only four weeks before the close of fact discovery. The Court again invited counsel for Plaintiff to expound upon the vague "unforeseen circumstances" that she had suggested in her earlier declaration (Doc. 23-1 ¶ 6) demonstrated good cause to extend discovery, but counsel declined to elaborate. Even assuming that counsel for Plaintiff has experienced difficulties communicating with her client, given that the discovery requests have been pending since *before* the case was removed to federal court, this, too, shows a lack of diligence on the part of Plaintiff.

Separately, at the hearing, counsel for Plaintiff corroborated Defendant's assertion that Plaintiff has failed to update her Rule 26(a) disclosures to identify witnesses (including attending physicians) who treated Plaintiff in early- to mid-2023. This, too, shows a lack of diligence that prejudices Defendant.

Based on this record, the Court will not grant relief for the benefit of Plaintiff because it finds that Plaintiff has failed to undertake discovery with due diligence. No matter the still-explained nature of the "unforeseen circumstances" Plaintiff advances as purportedly warranting an expansive six-month extension of discovery and eight-month continuance of trial dates, nothing can excuse the parties' delay until the eve of completing fact discovery before seeking Court intervention and relief. However, a brief extension of case management dates is warranted in order to avoid prejudicing Defendant.

The Court cautions counsel for Plaintiff that it will not countenance any further pleas for relief from the existing case management dates – which the Court considers firm – on the grounds that Plaintiff is incommunicado or otherwise uncooperative with counsel's efforts to comply with her discovery obligations. Further, should Plaintiff remain in default of her obligations to update initial disclosures under Rule 26(e) or otherwise fail to comply with discovery obligations as required under the Rules, Defendant may seek relief through a motion pursuant to Rule 37.

///
///

4

**Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED that Defendant's unopposed request to modify all case management dates (Doc. 27) is GRANTED IN PART. The scheduling order (Doc. 13) is modified as follows:

- Fact Discovery:  April 5, 2024
- Expert Disclosures:  May 27, 2024
- Rebuttal Expert Disclosures:  June 26, 2024
- Expert Discovery:  October 25, 2024
- Non-Dispositive Motions:  October 25, 2024 (file); November 29, 2024 (hearing)
- Dispositive Motions: Filing: December 20, 2024 (file); January 17, 2025 (hearing)
- Pre-Trial Conference: March 17, 2025
- Trial: May 12, 2025

It is FURTHER ORDERED that the Court's order to show cause dated January 29, 2024 (Doc. 27) is HEREBY VACATED.

IT IS SO ORDERED.

Dated:   **January 31, 2024**

UNITED STATES MAGISTRATE JUDGE