UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA BRITTENHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>    Defendant. | Case No.: 1:23-cv-00401-CDB<br><br>**ORDER DISMISSING ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE** |

Plaintiff Debra Brittenham originally filed this action in the Superior Court for the State of California, County of Kern, on August 26, 2022.  The action was removed to his Court on March 17, 2023.  (Doc. 1).  Plaintiff alleges that while at the premises of Defendant Home Depot U.S.A., Inc., she was seriously injured when retrieving a product from the shelving unit that was blocked by a ladder.  Plaintiff raises claims for negligence and premises liability against Defendant.

**Relevant Procedural Background**

Following the parties' grant of consent to the jurisdiction of a U.S. magistrate judge for all purposes, this case was assigned to the undersigned on June 23, 2023, pursuant to 28 U.S.C. § 636(c)(1).  (Doc. 11).  That same date, the Court entered a scheduling order setting all case management dates, including the deadline for completing nonexpert discovery (February 23, 2024).  (Doc. 13).

On January 18, 2024, the parties filed their first stipulated request to continue all case

1   management dates by approximately six months. (Doc. 21). Among other things, counsel for
2   Plaintiff represented in the stipulation that the requested extension was warranted "due to
3   unexpected circumstances that cannot be divulge [*sic*] without revoking attorney-client privilege
4   [and] the parties were unable to conduct or participate in meaningful discovery." *Id.* ¶ 6. The
5   Court denied the request without prejudice, noting that the parties failed to demonstrate in their
6   stipulation either due diligence or good cause sufficient to grant their request, and, separately, that
7   the stipulated request was filed without the required, accompanying attorney declarations. (Doc.
8   22). The Court directed that any renewed request to extend case management dates be
9   accompanied by a declaration of counsel for Plaintiff and a request to seal in which counsel
10  explained to the "unexpected circumstances" she claimed warranted an extension.

11  The parties renewed their request for an extension of case management dates that same
12  day but their filing did not comply with the Court's direction to file a sealed declaration
13  addressing counsel for Plaintiff's so-called "unexpected circumstances" grounds for the
14  extension. (Doc. 23). Accordingly, the Court denied the request. (Doc. 24).

15  Thereafter, counsel for Defendant filed an unopposed request for modification of the
16  scheduling order in which she described what the Court perceived as discovery misconduct on
17  behalf of Plaintiff. (Docs. 25, 26). Accordingly, the Court ordered the parties to appear for an
18  informal discovery dispute conference and directed counsel for Plaintiff to file in advance of the
19  conference a declaration addressing the apparent discovery malfeasance described in counsel for
20  Defendant's application. (Doc. 26). Specifically, the Court directed counsel for Plaintiff to
21  address in her declaration: (1) Plaintiff's failure to serve written discovery requests until late-
22  December 2023 (six months after the case had been scheduled); (2) Plaintiff's failure to respond
23  to Defendant's written discovery requests despite repeated promises to respond; (3) Plaintiff's
24  failure to respond to Defendant's request for a stipulated medical examination of Plaintiff; (4)
25  Plaintiff's failure to update Rule 26 initial disclosures to identify any treating physicians. *Id.*

26  When counsel for Plaintiff failed to timely file the declaration, the Court ordered her to
27  show cause why sanctions should not be imposed for failure to comply with Court orders. (Doc.
28  27). Later that day, counsel for Plaintiff filed the required declaration. (Doc. 28).

On January 30, 2024, the Court convened for a hearing on Defendant's application via Zoom videoconference. (Doc. 30). At the Court's request, following the hearing, counsel for Defendant filed several discovery-related documents relevant to the parties' request, which the Court reviewed. (Doc. 31).  Based on discussion held during the informal discovery dispute conference and all filings in the case, the Court concluded that while Plaintiff had not diligently prosecuted the case, an extension of case management dates was warranted to avoid prejudicing Defendant for its inability to meaningfully engage in discovery due to Plaintiff's intransigence. (Doc. 32 pp. 3-4).

One week after entry of the Court's order continuing case management dates, the parties filed a jointly executed notice of settlement.  (Doc. 33).  Pursuant to Local Rule 160, the Court ordered the parties to file dispositional documents within 21 days.  (Doc. 34).  Counsel for Plaintiff thereafter filed a declaration in which she attested that the liability release form contemplated by the parties was expected to be finalized by the following day.  (Doc. 35).  The Court construed Plaintiff's filing as a request for extension of the deadline to file dispositional documents, and so construed, on March 1, 2024, entered an order extending the deadline 21 days (*e.g.*, to March 22, 2024).  (Doc. 36).  The Court cautioned: "The Court will not consider any further requests by the parties for extensions of the deadline unless (1) any such request is filed at least five (5) days in advance of the filing deadline, and (2) the parties demonstrate good cause unrelated to the parties' performance under the settlement agreement." *Id*. (citing *Eitel v. McCool*, 782 F.2d 1470, 1472-73 (9th Cir. 1986), for the proposition that a district court properly may dismiss case, even without the filing of a stipulation, where the parties' representations to the court manifest their mutual intent to settle and dismiss the case).

Plaintiff has not timely filed either dispositional documents or a request for extension or any other filing explaining her failure to comply with this Court's orders.

**Governing Legal Standard**

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court."

3

Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors:(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**Discussion**

Here, as summarized above, Plaintiff's counsel has failed to timely comply with this Court's orders and the Local Rules. The Court cannot effectively manage its docket if Plaintiff ceases litigating her case. Thus, the Court finds that both the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Plaintiff twice has failed to timely comply with the Court's orders – including most recently by failing to timely file dispositional documents, which separately violates Local Rule 160(b). (*See* Docs. 22, 23, 24, 27, 36). Because Plaintiff has failed to comply with the Court's orders and Local Rules, her inaction amounts to an unreasonable delay in prosecuting this case resulting in a presumption of injury. Therefore, the third factor – a risk of prejudice to Defendant – also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors

disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). By failing to timely and efficiently prosecute this action and obey court orders, neither Plaintiff nor her counsel are moving this case forward and they are impeding its progress. Thus, the fourth factor—the public policy favoring disposition of cases on their merits—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey its orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. The Court's order of January 29, 2024, warned counsel for Plaintiff that her failure to timely comply with orders would result in the imposition of sanctions "up to and including financial sanctions and dismissal of this action." (Doc. 27). More recently and germane here, in its order directing the filing of dispositional documents by March 22, 2024, the Court cited Ninth Circuit authority for the proposition that it may dismiss a settled action even where a party fails to file a notice of stipulated dismissal. (Doc. 36). Therefore, the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

As Plaintiff has been unable or unwilling to adhere to the Court's admonishments and remedy her deficiencies as set forth above, the undersigned finds dismissal is warranted.

**Conclusion and Order**

For the reasons given above, the Court dismisses this action without prejudice for Plaintiff's failure to obey court orders and failure to prosecute. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **March 25, 2024**                                  _____
                                                              UNITED STATES MAGISTRATE JUDGE

5